[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The complaint alleges that Michael Kopchik, the defendant,[1] is a common interest community condominium owner of unit 131 of the Sunwood Condominiums at 131 Spring Glen, Shelton (the condominium.) Sunwood Condominium Association, Inc., the plaintiff, maintains the common areas of Sunwood Condominiums.
The plaintiff alleges that it has assessed common expenses against the defendant for his interest in the common areas. The defendant has allegedly failed to pay those expenses. As a result of non-payment of the expenses, the plaintiff claims it has a statutory lien upon the condominium pursuant to General Statutes § 47-258 (a),[2] in the amount of $1,384.63.
On October 12, 2001, the plaintiff filed the present action, seeking foreclosure of the statutory lien. On December 10, 2001, the plaintiff filed a motion for summary judgment on the ground that no genuine issue of material fact exists as to the liability of the defendant. In support, the plaintiff has submitted a certified copy of the amended declaration and by-laws of the Sunwood Condominium which are recorded on the land records (condominium by-laws) and the affidavit of Paul Lupo, president of the Sunwood Condominium Association (Lupo affidavit). The defendant has not objected to the motion. CT Page 4613
"The standards governing . . . a motion for summary judgment are well established. Practice Book [§ 17-49] provides that "summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.)Rivera v. Double A Transportation, Inc., 248 Conn. 21, 24, 727 A.2d 204
(1999).
General Statutes § 47-244 (a)(2) provides in relevant part that a condominium association may "collect assessments for common expenses from unit owners. . . ." The condominium by-laws provide in article 9(1) that "[e]ach unit owner . . . shall be liable for common expenses in the same percentage as the individual unit owner has in the undivided interest of the total common elements." The complaint alleges that the plaintiff has made an assessment against the defendant for common expenses.
The Lupo affidavit states that the plaintiff has failed to pay the assessment. Failure to pay a common expense assessment gives the plaintiff a statutory lien upon the condominium; General Statutes §47-258 (a); which the plaintiff may then use to foreclose upon the property, once the assessment becomes delinquent, in the same manner as a mortgage on the property. General Statutes § 47-258 (j). See also,Hudson House Condominium Assn., Inc. v. Brooks, 223 Conn. 610, 614,611 A.2d 862 (1992).
In order to make out a prima facie case in a foreclosure action, the plaintiff must "prove . . . that it [is] the owner of the [obligation] and that [the defendant has] defaulted on the [obligation]." Webster Bank v.Flanagan, 51 Conn. App. 733, 750-51, 725 A.2d 947 (1999). In the present case, the plaintiff has demonstrated that it has a lien upon the condominium based upon a common expense assessment and that the defendant has defaulted on the underlying obligation. By not objecting to the motion for summary judgment, the defendant has failed to establish a genuine issue of material fact. Thus, no genuine issue of material fact exists as to the defendant's liability.
The Motion for Summary Judgment is granted. CT Page 4614
The Court
 By Curran, J.